| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-2(c) <br><br> **LOGS Legal Group LLP** <br> **14000 Commerce Parkway, Suite B** <br> **Mount Laurel, NJ 08054** <br> **(856) 793-3080** <br> **logsecf@logs.com** <br> **Christopher DeNardo - 250782017** <br> **Elizabeth L. Wassall - 023211995** <br> **ATTORNEYS FOR DIGITAL FEDERAL CREDIT UNION** | |
| **In re:** <br><br> **BENJAMIN RICH** <br> **a/k/a SAMUEL GUILLAUME,** <br><br>       **Debtor.** | **Chapter 13** <br><br> **Case No. 22-15165-SLM** |
| **DIGITAL FEDERAL CREDIT UNION,** <br><br>       **Plaintiff,** <br><br>   **v.** <br><br> **BENJAMIN RICH** <br> **a/k/a SAMUEL GUILLAUME,** <br><br>       **Defendant.** | **ADVERSARY NO.** |

## **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

  DIGITAL FEDERAL CREDIT UNION**,** by and through its undersigned counsel, LOGS Legal Group LLP, hereby files this Complaint to determine the dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(C), and alleges as follows upon information and belief, based on its investigation of the matters alleged and on documents available:

**I.      JURISDICTION AND VENUE**

1. This adversary proceeding arises under and in connection with the above-captioned Chapter 13 bankruptcy case commenced by the filing of a voluntary petition on or about June 27, 2022 (the "Petition Date").

2. This adversary proceeding is a core proceeding pursuant to § 157(b) of Title 28 of the United States Code. This Court has jurisdiction pursuant to § 157 and § 1334(b) of Title 28 of the United States Code.

3. This adversary proceeding arises in a case under the Bankruptcy Code pending in this District and, thus, venue properly lies within this District pursuant to § 1409(a) of Title 28 of the United States Code.

4. This is an adversary proceeding brought under and pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and §§ 105 and 523 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code").

**II.     THE PARTIES**

5. Plaintiff DIGITAL FEDERAL CREDIT UNION is a lending company with a business address of 220 Donald Lynch Boulevard, Marlborough, MA 01752.

6. Benjamin Rich a/k/a Samuel Guillaume (the "Defendant") is an adult individual who is the debtor in the above-captioned Chapter 13 bankruptcy case pending in the United States Bankruptcy Court for the District of New Jersey, with a principal residence at 14 Lincoln Street, South Hackensack, NJ 07606.

7. Defendant filed his Petition for Relief under Chapter 13 of the Bankruptcy Code on June 27, 2022.

### III. FACTS UNDERLYING THE CLAIM

8. On January 15, 2022, Defendant originated a DIGITAL FEDERAL CREDIT UNION Visa Loan credit card with a $18,200.00 credit limit.

9. The Defendant utilized the credit card for purchases and/or cash advances, *in pertinent part*, as follows:

   a. On February 16, 2022, Defendant made a purchase through PayPal for $8,000.00.

   b. On February 17, 2022, Defendant made another purchase through PayPal for $3,000.00.

   c. On April 20, 2022, Defendant disputed the above purchases through PayPal totaling $11,000.00, and thus the charges were suspended from Defendant's account pending investigation, and Defendant's balance on the account was reduced from $17,615.70 to only $6,615.70, pending investigation.

   d. After April 20, 2022, Defendant continued to make charges to the account, increasing the balance due on the account, which charges include, *but are not limited to*, the following:

      i. On April 23, 2022, Defendant made a purchase at "TST*SPIRIT BAR &" in the amount of $218.20, which, upon information and belief, was for dining.

      ii. On April 24, 2022, Defendant made a purchase from "BRADTIPTON.SAMCART" in the amount of $997.00 which, upon information and belief, was for an instructional course on how to become a "secured party creditor".

    iii. On April 28, 2022, Defendant made a purchase at "KARIZMA LOUNGE" in the amount of $223.30, which, upon information and belief, is a Hookah Bar.

    iv. On May 3, 2022, Defendant made a purchase at "MAYA HOOKAH LOUNGE" in the amount of $141.25, which, upon information and belief, is a Hookah Bar.

    v. On May 9, 2022, Defendant made a purchase from "COINMAMA" for $629.94 which, upon information and belief, was for cryptocurrency.

    vi. On May 10, 2022, Defendant made a purchase at "BABYLON HOOKAH LOU" in the amount of $152.07, which, upon information and belief, is a Hookah Bar.

    vii. On May 10, 2022, Defendant made a purchase at "STK DOWNTOWN ROOFT" in the amount of $326.63 which, upon information and belief, was for dining.

    viii. On May 11, 2022, Defendant made a purchase from "COINMAMA" for $314.97 which, upon information and belief, was for cryptocurrency.

    ix. On May 14, 2022, Defendant made a purchase from "CCI*RESERVATIONS.C" for $740.29 which, upon information and belief, was for travel services.

    x. On May 17, 2022, Defendant made a purchase from "COINMAMA" for $524.95 which, upon information and belief, was for cryptocurrency.

    xi. On May 19, 2022, Defendant made a purchase from "COINMAMA" for $577.45 which, upon information and belief, was for cryptocurrency.

      xii. On May 23, 2022, Defendant made a purchase from "COINMAMA" for $629.94 which, upon information and belief, was for cryptocurrency.

  e. As of May 27, 2022, Defendant's balance on the account had climbed back up to $16,479.51. Defendant incurred $9,863.81 in additional charges between April 20, 2022 and May 27, 2022.

  f. On May 31, 2022, the $11,000.00 in "disputed" PayPal charges were reposted to the account, as it was determined following investigation that Defendant did make those transactions, which appear to be "security items" on real estate, and the Defendant's balance on the account was increased from $16,479.51 to $27,479.51 accordingly.

True and correct copies of the Account Statements are attached hereto as **Exhibit "A"** and incorporated herein.

10. At the time of bankruptcy filing on June 27, 2022, the account balance was $28,098.81, well in excess of the $18,200.00 credit limit. To date, the balance remains unpaid.

## COUNT I
## NONDISCHARGEABILITY OF DEBT
## 11 U.S.C. § 523(a)(2)(A)

11. Plaintiff DIGITAL FEDERAL CREDIT UNION incorporates the preceding paragraphs by reference as if set forth fully herein and at length.

12. Section 523(a)(2)(A) of the Bankruptcy Code provides, in pertinent part, that debts "for money, property, services, or an extension, renewal, or refinancing of credit" obtained by "false pretenses, a false representation, or actual fraud" are not dischargeable.

13. Defendant's use of the credit card, and representations made to DIGITAL FEDERAL CREDIT UNION, as described and set forth in greater detail hereinabove, constitute false pretenses, false representations and/or actual fraud.

14. Defendant made statements to DIGITAL FEDERAL CREDIT UNION disputing charges, knowing them to be false and with the intent and purpose of deceiving and defrauding DIGITAL FEDERAL CREDIT UNION.

15. Defendant continued to make charges to the account, even after disputing charges, with the intent and purpose of with the intent and purpose of deceiving and defrauding DIGITAL FEDERAL CREDIT UNION.

16. DIGITAL FEDERAL CREDIT UNION has suffered loss and damages as a direct result of the Defendant's false pretenses, false representations and/or actual fraud.

17. Defendant's debt to DIGITAL FEDERAL CREDIT UNION should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiff, DIGITAL FEDERAL CREDIT UNION, prays this Honorable Court enter a nondischargeable judgment against Defendant for the amount due on the account including interest, attorney fees and costs, and for any such further relief as the Court may deem appropriate and just.

## COUNT II
## NONDISCHARGEABILITY OF DEBT
## 11 U.S.C. § 523(a)(2)(C)(i)(II)

18. Plaintiff DIGITAL FEDERAL CREDIT UNION incorporates the preceding paragraphs by reference as if set forth fully herein and at length.

19. Section 523(a)(2)(C)(i)(II) of the Bankruptcy Code further states that, for purposes of subparagraph (A) above, "cash advances aggregating more than $1,100.00 that are

extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief" are not dischargeable.

20. Defendant's charges for cryptocurrency, as outlined above, are, in effect, cash advances totaling $2,677.25, which exceeds $1,100.00.

21. The Defendant's debt to DIGITAL FEDERAL CREDIT UNION should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(C)(i)(II).

WHEREFORE, Plaintiff, DIGITAL FEDERAL CREDIT UNION, prays this Honorable Court enter a nondischargeable judgment against Defendant pursuant to 11 U.S.C. §523(a)(2)(C)(i)(II) in the amount of $2,677.25, plus interest, attorney fees and costs, and for any such further relief as the Court may deem appropriate and just.

## COUNT III
## NONDISCHARGEABILITY OF DEBT
## 11 U.S.C. § 523(a)(2)(C)(i)(I)

22. Plaintiff DIGITAL FEDERAL CREDIT UNION incorporates the preceding paragraphs as if set forth fully herein and at length.

23. Section 523(a)(2)(C)(i)(I) of the Bankruptcy Code further states that, for purposes of subparagraph (A) above, "consumer debts owed to a single creditor and aggregating more than $800.00 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief" are not dischargeable.

24. Defendant's charges for travel services, dining, and hookah lounges, as outlined above, totaled $1,801.74, exceeding $800.00.

25. The Defendant's debt to DIGITAL FEDERAL CREDIT UNION should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(C)(i)(I).

WHEREFORE, Plaintiff, DIGITAL FEDERAL CREDIT UNION, prays this Honorable Court enter a nondischargeable judgment against Defendant pursuant to 11 U.S.C. §523(a)(2)(C)(i)(I) in the amount of $1,801.74, including interest, attorney fees and costs, and for any such further relief as the Court may deem appropriate and just.

        Respectfully submitted,
        LOGS LEGAL GROUP, LLP

Dated: September 12, 2022        By: */s/Elizabeth L. Wassall*
        Christopher DeNardo - 250782017
        Elizabeth L. Wassall - 023211995
        *Attorneys for DIGITAL FEDERAL CREDIT UNION*
        14000 Commerce Parkway, Suite B
        Mount Laurel, NJ 08054
        (856) 793-3080
        logsecf@logs.com